# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BRADLEY JOHNSON, as a general guardian, for and on behalf of S.J., a minor, and individually on behalf of S.J., ) ) ) ) | |
| Plaintiff, ) ) | No. 2:15-cv-03175-DCN |
| vs. ) ) | **ORDER** |
| HYATT HOTELS CORPORATION, d/b/a Hyatt Place Airport/Convention Center, MONTAGUE REALCO, LLC, d/b/a Hyatt Place Airport/Convention Center, and NAMAN MANAGEMENT, LLC, ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the court on plaintiff Bradley Johnson's ("Johnson") motion for attorneys' fees. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This dispute arises from an alleged assault on a minor that occurred at the Hyatt Place Airport/Convention Center located at 3234 West Montague Avenue, North Charleston, South Carolina (the "hotel"), on June 5, 2015. Am. Compl. ¶¶ 8–33. Johnson alleges that S.J., a 14 year old member of the Parkview High School freshmen baseball team from Lilburn, Georgia, was staying with his teammates and coaches, including members of the junior varsity and varsity teams, at the hotel for a summer baseball tournament. Id. ¶¶ 8, 10–13. S.J. was assigned to Room 314 with

1

three other minor teammates. Id. ¶ 15. The hotel issued each set of roommates two electronic "key cards," which were used to access their assigned room. Id. ¶ 16.

On the evening of the incident, Johnson alleges that members of the varsity team began making unannounced visits to the rooms of the freshmen teammates to engage in certain bizarre and abusive hazing rituals. Id. ¶ 18. One of S.J.'s roommates alerted S.J. and others about this activity, and when a group of varsity players demanded entry into Room 314, S.J. and his roommates remained silent and did not answer the door. Id. ¶ 20. At this point, the varsity team members allegedly "went to the front desk of the hotel and asked for a 'keycard' so they could gain entry to [Room 314]." Id. ¶ 21. A hotel employee provided the requested keycard,

> without any authority or permission from anyone who could give such authority or permission and, on information and belief, such was done without checking the identification of the person requesting the key; and it was done in violation of all hotel safety policies, procedures, and custom and in violation of law to allow the unauthorized and unpermitted holder(s) of the keycard to gain entrance to the room occupied by S.J. and his three roommates.

Id. ¶ 21. Johnson alleges that the varsity teammates then entered Room 314 and subjected S.J. to the aforementioned hazing. Id. ¶¶ 23–25.

Montague Realco, LLC's ("Montague") is the owner of the hotel. Id. ¶ 3. Naman Management, LLC ("Naman," together with Montage "defendants") is an affiliate of Montague that manages the operation of the hotel. Id. ¶ 4. Johnson brought claims against both defendants for negligence, invasion of privacy, breach of warranty, false imprisonment, violation of the South Carolina Unfair Trade Practices Act, and loss of solatium, seeking recovery of damages suffered as a result of the incident. Id. ¶¶ 34–62. Johnson alleges that S.J. has "sustained serious psychological damage and injury." Id. ¶ 64. The court entered acceptance of offer of judgment on

April 24, 2017. This motion for attorney's fees was filed on May 3, 2017 and Montague filed a response on May 17, 2017. Naman filed a separate response on May 17, 2017. Johnson replied to Naman's response on May 24, 2017, and to Montague's response on May 24, 2017. This motion is now fully briefed and is now ripe for the court's review.

## II.  STANDARD

Under the American Rule, each party bears the costs of its own attorneys, and attorney's fees are generally not a recoverable cost of litigation unless a statute or agreement provides otherwise. See Key Tronic Corp. v. United States, 511 U.S. 809, 814–15 (1994). The South Carolina Unfair Trade Practices Act ("SCUTPA") mandates that a court award attorney's fees and costs to a successful party. See S.C. Code Ann. § 39–5–140(a) ("[U]pon the finding by the court of a violation of this article [the SCUTPA], the court shall award to the person bringing such action under this section reasonable attorney's fees and costs.").

## III.  DISCUSSION

On April 24, 2017, the underlying matter was resolved by way of plaintiff's acceptance of an offer to allow judgment to be taken against defendant, pursuant to Rule 68, Fed. R. Civ. P. Johnson now contends that because defendant's offer of judgment made no explicit provision for fees, and because he is the prevailing party by way of the Rule 68 offer of judgment, he is entitled to fees in the sum of $264,047.52. Defendants counter that the offer of judgment did provide for fees in that it offered a "total sum of $150,000," thereby implicitly resolving the matter of costs. The first issue before the court is whether the offer of judgment that was accepted by

3

all parties and entered by the court on April 24, 2017, which referenced all of Johnson's claims and "costs" but did not include any language on attorneys' fees, precludes Johnson's motion for attorneys' fees. Since the court finds that the offer of judgment does not encompass fees, the court then proceeds to the customary analysis of computing attorneys' fees to determine if Johnson is owed the full $264,047 fee award. While the court finds that Johnson may file a motion for fees because the Rule 68 offer of judgment was ambiguous on whether fees is encompassed in the judgment amount, the court ultimately denies Johnson's motion for fees. The court's entry of the offer of judgment was a ministerial duty and not a verdict rendered by the court against defendants on the SCUTPA claim.

### A.     Fee Award under SCUTPA where Rule 68 Offer of Judgment is Silent on Fees

A review of the offer of judgment reveals that it states only that it is "inclusive of any costs." Johnson contends that the Rule 68 offer of judgment was ambiguous with respect to attorneys' fees because it failed to specify whether it included such fees, and that this ambiguity must be construed against defendants. Pl.'s Mot. 6. As explained below, the issue of if a prevailing party may be awarded attorneys' fees under a Rule 68 offer of judgment that is ambiguous on whether fees are included has not been conclusively decided by the Fourth Circuit. The court draws on existing Fourth Circuit precedent on fee awards under Rule 68 offers of judgment as well as out-of-circuit courts that have decided the issue to determine that fees was not encompassed by the Rule 68 offer of judgment.

Federal Rule of Civil Procedure 68 states, in relevant part, that

4

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed.R.Civ.P. 68(a). The party accepting an offer of judgment is considered the "prevailing party" such that an award of costs is appropriate under Federal Rule of Civil Procedure 54(d)(1). See Fed. R. Civ. P. 54(d)(1) ("[C]osts—other than attorneys' fees—should be allowed to the prevailing party. . ."). The language of Rule 68 itself speaks only of "costs" and not in terms of "attorney's fees," and in the absence of a relevant underlying fee-shifting statute specifying that fees are recoverable for the prevailing party, Rule 68 alone provides no guidance on fees. The relevant statute here is the SCUTPA, which is count V of the complaint, which provides for mandatory fees to be paid to a prevailing party in addition to any costs. Pl.'s Mot. 1. The SCUTPA's plain language makes clear that where the court finds that the statute was violated, the court "shall" award to the person bringing the action—here, Johnson—reasonable attorneys' fees and costs. S.C. Code Ann. § 39-5-140(a). In terms of whether fees are to be considered separately from costs, SCUTPA makes clear that a court must award fees <u>and</u> costs to a prevailing party.

The Rule 68 offer of judgment is clearly silent on whether fees were to be included in the offer of judgment. As a general rule, courts have found that an ambiguous Rule 68 offer of judgment should be construed against the offeror—here, it would be construed against the defendants and interpreted to allow for fees. See <u>Nordby v. Anchor Hocking Packaging Co.</u>, 199 F.3d 390, 391 (7th Cir. 1999) (holding that "any ambiguities in a Rule 68 offer must be resolved against the

5

[offeror]"); Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir. 1997) (concluding that "the 'usual rules of contract construction' apply to a Rule 68 offer of judgment" and "[t]herefore, ambiguities are construed against the offeror" (citation omitted)).  However, there is a circuit split about whether this rule is equally applicable to Rule 68 offers that include ambiguities concerning fees.  In Sanchez v. Prudential Pizza, Inc., 709 F.3d 689, 692 (7th Cir. 2013), the Seventh Circuit held that "an offering defendant bears the burden of any silence or ambiguity concerning attorneys' fees" in the context of a Rule 68 offer.  On the other hand, the Sixth Circuit in McCain v. Detroit II Auto Fin. Ctr., 378 F.3d 561 (6th Cir. 2004) held that a Rule 68 offer of judgment that stated it was inclusive "as to all claims and causes of actions" precluded an award of fees.[1]  Meanwhile, the Eighth Circuit in Stewart v. Prof'l Computer Centers, Inc., 148 F.3d 937 (8th Cir. 1998) vacated a Rule 68 judgment altogether where the offer was silent as to whether attorney fees were included.

Johnson contends that the Fourth Circuit has conclusively determined that a prevailing party is entitled to post-judgment fees where an offer of judgment is ambiguous on fees in Bosley v. Mineral Cty. Comm'n, 650 F.3d 408, 413 (4th Cir. 2011).  Pl.'s Mot. 6.  In Bosley, the district court considered a Rule 68 offer of judgment in a § 1983 case.  The relevant portion of the offer of judgment read: "'Pursuant to [Fed.R.Civ.P. 68(a)], the . . . Defendants hereby serve upon [Bosley] an

---

[1] The court notes that in McCain, the plaintiff had specifically requested attorney fees in each of her claims.  McCain, 378 F.3d at 565.  Here, while the offer of judgment does state that it was for "all claims" between the parties, the complaint does not state a separate claim for fees.  Pl.'s Mot. 4.

Offer of Judgment in the amount of Thirty Thousand Dollars ($30,000.00) as full and complete satisfaction of [Bosley's] claim against . . . Defendants.'" Id. at 410. The Fourth Circuit affirmed the award of fees in addition to the judgment, concluding that such a broadly worded offer of judgment with no language relating to costs or fees allowed for a post-judgment award of fees. See id. at 412. Johnson's attempt to broaden the scope of Bosley to encompass Rule 68 offers for SCUTPA claims is somewhat misleading. While Bosley answers if fees can be granted under §1983 where an offer of judgment is silent on fees, it says nothing about an offer of judgment under SCUTPA. That being said, lower courts applying Bosley have done so in the context of other statutes that allow for fees.[2] For example, in Acevedo v. Phoenix Pres. Grp., Inc., 2015 WL 6004150, at *4 (D. Md. Oct. 8, 2015) the court allowed a plaintiff to recover attorneys' fees for a Fair Labor Standards Act claim where the offer of judgment stated that it included "all of the Plaintiffs' claims for relief against each defendant."[3] Therefore, while Bosley is not conclusive, it does not

---

[2] Johnson argues that the South Carolina Supreme Court's decision in Hueble v. S.C. Dep't of Nat. Res., 785 S.E.2d 461 (2016) definitively answers whether the court can award fees upon finding a violation of the SCUTPA. Of course, Hueble—like Bosley—addresses rule 68 offers of judgment for § 1983 claims, not SCUTPA. Moreover, the South Carolina Supreme Court devotes a large portion of its opinion in Hueble to discussing the Congressional intent behind § 1983, emphasizing that the fee-shifting provision of the statutes was designed to incentivize attorneys to litigate civil rights cases that otherwise no attorney would be willing to tackle. Hueble, 785 S.E.2d at 465 (S.C. 2016). Attorneys need no similar incentive to file the SCUTPA claim at issue here. Certainly, this court has seen no shortage of SCUTPA claims. While the court ultimately finds that the offer of judgment does not bar Johnson from moving for a fee award for his SCUTPA claim, this discussion of the policy behind fee-shifting statutes that the Hueble court engages in does not escape the court's attention.

[3] The court notes that in Acevedo, the offer of judgment made no mention of plaintiffs' claims for relief "plus costs," as the offer of judgment here does. This distinction is one worth noting, although as the court discusses in this section the

foreclose applying the rule that a prevailing part may seek fees even after a Rule 68 offer of judgment is entered in the SCUTPA context.

While there is no Fourth Circuit case analyzing whether an ambiguous Rule 68 offer of judgment allows for an award of fees where the underlying statute is SCUTPA, the Second Circuit recently decided a case that addresses an action under the Connecticut Unfair Trade Practices Act ("CUTPA"), the Connecticut analog to the SCUTPA. In Steiner v. Lewmar, Inc., 816 F.3d 26, 33 (2d Cir. 2016) the Rule 68 offer of judgment in a dispute concerning a Lanham Act claim, a breach of contract claim, and a CUTPA claim was for "all claims that have been made or could have been made concerning the LiteTouch trademark" but did not expressly mention fees. The Second Circuit found that the Rule 68 offer was ambiguous in whether it encompassed claims for attorneys' fees under CUTPA, and reasoned that the claim for attorneys' fees under CUTPA was "arguably" not encompassed by the language that "all claims . . . concerning the LiteTouch trademark, winch handles sold under the LiteTouch trademark, or the Agreement." The Steiner court ultimately held that because the Offer did not "unambiguously encompass claims for attorneys' fees under CUTPA," the plaintiff was not precluded from seeking fees under the statute. The relevant text of the Connecticut Unfair Trade Practices Act mirrors that of SCUTPA—that it allows for a plaintiff to recover costs and reasonable attorneys'

---

court finds that the defendants' decision to include language that the $150,000 offer of judgment was inclusive of costs undercuts their own argument that the judgment was intended to be inclusive of fees as well. After all, if defendants wanted the offer of judgment to be for $150,000 inclusive of costs and fees certainly they could have drafted it in such a manner. They did not.

fees.  The recent Steiner decision also cuts in favor of allowing Johnson to seek fees under SCUTPA.

Ultimately, Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror.  Here, there is nothing in the language of defendant's offer of judgment of "$150,000, inclusive of any costs incurred" to indicate that the $150,000 sum includes fees.  Thus, this ambiguity must be construed against defendants.  Accordingly, the court finds that the offer of judgment means what it says: defendants offer a judgment to the plaintiff, in the amount of $150,000, inclusive of any costs incurred.  The $150,000 judgment is a judgment in favor of Johnson, and does not include any costs or attorneys' fees recoverable under the SCUTPA.

The court acknowledge that under all the circumstances, it is highly unlikely that the parties intended to resolve the case for $150,000 while leaving open the significant possibility of litigation over some $260,000 in attorneys' fees.  The court also realizes that the primary goal of contract interpretation is to "effectuate the intent of the parties as manifested by the language used in the contract."  Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 598 (2d Cir. 2005).  The language in the offer of judgment that "acceptance of this Offer of Judgment will satisfy any and all claims between the parties" conveys the parties' attempt to settle all the pending claims.  See Lee v. BSB Greenwich Mortg. Ltd. P'ship, 267 F.3d 172, 179 (2d Cir. 2001) ("[T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to

9

the subject matter of the contract.")  This being said, the Fourth Circuit has warned that "[i]f there is any occasion in civil litigation [that] calls for caution and care by counsel, it is the drafting of a Rule 68 offer."  See Bosley, 650 F.3d at 413 (quoting Laskowski v. Buhay, 192 F.R.D. 480, 482 (M.D. Pa. 2000)).  Applying this principle, where defendants include language that the judgment amount of $150,000 is "inclusive of any costs incurred by the Plaintiffs" yet were silent on the fee issue, interpreting the ambiguity in the offer of judgment against defendants the court should find that the Offer of Judgment does not include fees.  This ruling, that requires defendants to clearly state whether attorneys' fees are included, comports with the policy underlying Rule 68, which is to encourage settlement and avoid protracted litigation.[4]  Marek v. Chesny, 473 U.S. 1, 6–9 (1985).

### B.     Reasonableness of Fees

As explained above in section III.A, defendants' ambiguous Rule 68 offer does not preclude Johnson now filing this motion for fees.  The court now proceeds to evaluate whether the requested fee award of $264,047.52 is reasonable.

---

[4] Defendants base a substantial portion of their briefing on the argument that the offer of judgment was pursuant to Local Civil Rules 17.02 and 17.03.  Def.'s Resp. 4.  Defendants focus on 17.03 specifically, which states that in the order of approval "the Court shall approve or fix the amount of the fee to be paid to counsel for the minor."  Def.'s Resp. 4.  The plain language of 17.03 does not seem to unequivocally even refer to attorneys' fees, but instead to the judgment amount that is paid into a fund for minors.  Certainly, any attorneys' fees paid to attorneys are not paid for the minor.  The Rule 68 order of judgment here specified that the $150,000 was to be paid to Johnson as guardian for minor S.J.  It seems that the language of 17.03 is ambiguous at best whether the "fees" to be paid for the minor extends to attorneys' fees.  In any event, it does not negate the court's finding that Johnson be allowed to proceed with his fee claim.

As an initial matter, Johnson argues that he is entitled to seek all fees incurred in proving his SCUTPA claim. Pl.'s Mot. 11. It is unclear whether he intends the fee award to cover only the SCUTPA claims, and if so whether he has parsed out the calculation of hours expended and confined the fee award to the SCUTPA claim alone. Certainly, a fee award of over $250,000 for a SCUTPA claim seems high, and a review of the time sheets that Johnson attaches to his motion for attorneys' fees does not seem to differentiate between the amount of time spent on the SCUTPA claim as opposed to other claims. Because the court finds that Johnson has not "prevailed" within the meaning of the SCUTPA, it awards Johnson no fees on his SCUTPA claim.

Defendants make the persuasive argument that Johnson cannot recover fees on his SCUTPA claim because he has not "prevailed" on his SCUTPA claim as the court's entry of judgment was a "ministerial duty." Def.'s Resp. 12. In support, defendants cite to the South Carolina Court of Appeals' decision in Belton v. State, 499 S.E.2d 225 (S.C. Ct. App. 1988) where the court upheld a trial court's denial of attorneys' fees to a whistleblower plaintiff who accepted a Rule 68 offer of judgment in an action brought under the Whistleblower Act. Def.'s Resp. 9. The Belton court ruled that the court's "ministerial" act in entering the Rule 68 order does not "transmute the offer and acceptance of judgment" into a verdict rendered by the court such that the whistleblower is a prevailing party entitled to fees. Belton v. State, 499 S.E.2d 225, 227 (S.C. Ct. App. 1998), aff'd, 529 S.E.2d 4 (S.C. 2000).

Johnson counters that an entry of judgment is "prima facie" evidence that defendants engaged in an unlawful action under SCUTPA. However, the relevant

provision of the statute that Johnson cites in support of this argument states that "[a]ny . . . judgment made under Section 39-5-50 shall be prima facie evidence in an action brought under Section 39-5-140 that the responded used or employed a method, act or practice declared unlawful by Section 39-5-20." S.C. Code Ann. § 39-5-140(c). However, a closer look at the statutory provision referenced by § 39-5-50 refers to SCUTPA actions initiated by the Attorney General. This is not an action initiated by the Attorney General, but by a private individual. Therefore, there is no prima facie evidence that defendants engaged in any sort of unlawful action under SCUTPA.[5]

Ultimately, the court is convinced by the reasoning of the Belton court as well as that of the Eleventh Circuit in Utility Automation v. Choctawhatchee, 298 F.3d 1238 (11th Cir. 2202), which declined to construe an offer of judgment as an admission of "willful and malicious misappropriation" as required to prevail under the Alabama Trade Secrets Act. The Utility Automation court stated that "we are unwilling to impute a specific admission to 'willful and malicious misappropriation' on the basis that the Defendants have had a judgment entered against them when there is nothing in the Defendants' offer of judgment that would even suggest that admission." Id. at 1247. SCUTPA allows for the recovery of attorneys' fees upon proof that a defendant "violat[ed]" the SCUTPA. See S.C. Code Ann. § 39–5–140(a)

---

[5] Indeed, after reviewing the facts alleged in the complaint the court ventures to guess that the SCUTPA claim in this complaint would not survive a well-argued motion to dismiss, and certainly not a motion for summary judgment. Most saliently, there is little evidence that the behavior of defendants was "adverse to the public interest"—this appears to be an action brought by a private citizen based on the actions of another private citizen, namely those baseball players who hazed S.J. in that ill-fated Hyatt hotel room.

("[U]pon the finding by the court of a violation of this article [the SCUTPA], the court shall award to the person bringing such action under this section reasonable attorney's fees and costs."). The court has made no finding here that defendants violated the SCUTPA—the entry of the Rule 68 offer of judgment was certainly not a finding that defendants had engaged in the "unfair methods of competition and unfair and deceptive acts in the conduct of trade or commerce" that is the purpose of the SCUTPA. Therefore, the court is under no directive to award attorneys' fees. Accordingly, the court denies in full Johnson's motion for fees.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Johnson's motion for fees.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 6, 2017
Charleston, South Carolina**